## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **MOULAY M. IBOURK**, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Docket No._____ |
| ) | |
| **JP MORGAN CHASE BANK** ) | |
| **NATIONAL ASSOCIATION** ) | |
| ) | |
| Defendant ) | |

***RESPECTFULLY REPRESENTS*** the undersigned, as attorney for the Plaintiff, as follows:

### I

### JURISDICTION AND VENUE

1. Jurisdiction of this court is based upon 28 U.S.C. § 1332, this being an action between citizens of different states and in which the matter in controversy exceeds the sum or value of $75,000.00, all as more fully hereinafter appears.

2. This action is brought under this court's diversity jurisdiction referred to above, and is also brought pursuant to 14 M.R.S.A. § 6301, authorizing a civil action for the redemption of premises.

3. This action is brought under this court's diversity jurisdiction referred to above, is also brought pursuant to the general equity jurisdiction of this court, and the equity jurisdiction of the Maine Superior Court, conferred by 14 M.R.S.A. § 6051, this being an action in which the Plaintiff has no plain, complete and adequate remedy at law.

4. Venue is properly laid in this court in that the property at issue is located in Cumberland County within the jurisdiction of this court.

## II.

## FACTS

5. On or about January 3, 2007, Plaintiff executed a note payable to Residential Mortgage Services, Inc. "RMS") in the original principal amount of $267,200.00, together with a mortgage conveyed to Mortgage Electronic Registrations Systems, Inc. ("MERS), as Nominee for RMS, which MERS thereafter purportedly assigned to MERS as Nominee for Sun Trust Mortgage, Inc. ("SunTrust") and thereafter was purportedly assigned by MERS to Chase Home Finance, LLC ("Chase"), which was later merged into Defendant.

6. On or about February 22, 2010, Chase commenced an action in the Maine state courts seeking foreclosure.

7. Plaintiff filed an answer in which he raised the issue of Chase's lack of standing to bring the action (the issue of standing was based on defects in the assignment, and were not based upon the status of MERS as nominee).

8. On the day of trial, Chase, confronted with a lack of standing, was permitted to dismiss that foreclosure action without prejudice; the dismissal without prejudice was dated June 21, 2011.

9. Thereafter, during the following two years and one month, Chase or Defendant purported to obtain corrective assignments which were dated as of February 20, 2012, and, on or about July 24, 2013, Defendant commenced a second action seeking foreclosure in the Maine state courts.

10. In response to that action, Plaintiff filed a motion to dismiss in which he once again raised the issue of Defendant's lack of standing to bring the action (again, this motion was based on defects in the chain of assignments, and had nothing to do with the status of MERS as nominee), which motion was denied. Plaintiff then filed a motion to reconsider in light of the Law Court's then-recent decision, decided almost simultaneously with the denial of the motion to dismiss,[1] but the court denied the motion to reconsider. In Plaintiff's subsequent answer to the complaint, dated September 26, 2013, Plaintiff once again raised lack of standing as an affirmative defense.

11. On or about July 29, 2014, this case was placed on the Superior Court trial list beginning on September 1, 2014, and the plaintiff (this Defendant), on or about August 13, 2014 moved for a continuance, claiming it was surprised by the Law Court's decision in *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89.

12. On August 26, 2014, the Superior Court denied the motion to continue but indicated that it would place the case at the end of its trial list in September, to give the plaintiff (the Defendant here) time to obtain curative assignments to address the *Greenleaf* issue. The case was scheduled for trial on September 29, 2014.

13. Defendant did not send out any curative assignments (it chose not to obtain *assignments* at all, and decided to obtain so-called *ratifications)* prior to September 17, 2016.

14. On September 26, 2016, the Defendant filed a motion to continue and a motion seeking to dismiss without prejudice, stating that although it had received "corrective action"

---

[1] *Deutsche Bank National Trust v Wilk* 2013ME 97, in which the Law Court held that there was no estoppel by deed with respect to assignments of mortgage.

from one assignor, it had not received the other. Defendant filed objections to these motions, that same day.

15. On the morning of trial, the court denied both of the motions and, upon it being represented by the plaintiff's counsel that it had not cured the standing issue, and stating that the court was aware that this was not the first instance of that plaintiff seeking a dismissal without prejudice on the day of trial (the other trial court, in 2011 having permitted the dismissal without trial), the court dismissed the action with prejudice.

16. Two days later, that plaintiff filed a motion for reconsideration, asserting it had received corrective action.

17. On January 12, 2016, the court held a hearing on the Motion to Reconsider and on February 2, 2016, the court issued an order which decided that it was compelled by *U.S. Bank, N.A. v Curit*, 2016 ME 17 to dismiss *without* prejudice.

18. The court, by Order of February 16, 2016, awarded Plaintiff the sum of $9,309.00 in attorney's fees (no attorney's fees were awarded for the dismissal without prejudice of the first foreclosure action).

19. An appeal to the Law Court ensued and on November 29, 2016, the Law Court issued a Memorandum of Decision affirming the Superior Court's dismissal without prejudice.

20. The first foreclosure proceeding was pending for approximately 16 months prior to its dismissal without prejudice.

21. The time elapsed between the dismissal of the first foreclosure proceeding and the commencement of the second foreclosure proceeding was 25 months.

22. The second foreclosure proceeding was pending for approximately 29.5 months prior to its dismissal without prejudice – not including the pendency of the Law Court appeal.

23. On information and belief, Defendant claims a right to accrue and collect interest upon the principal balance for all of the aggregate of said 70.5 months during which Defendant maintained non-justiciable foreclosure proceedings or delayed reinstitution of such proceedings, and the aggregate of such interest, not including the principal balance$^2$, exceeds the jurisdictional amount of $75,000.00.

24. On or about March 3, 2017, the Plaintiff, desiring to pay off and discharge the Defendant's mortgage, acting pursuant to 14 M.R.S.A. §6301, demanded that Defendant provide Plaintiff with a pay-off amount, a copy of said demand is hereto annexed as Exhibit A.

25. Defendant has failed to respond to said demand.

## COUNT I

## ACTION FOR ACCOUNTING AND REDEMPTION

## PURSUANT TO 14 M.R.S.A. §6301

26. Plaintiff repeats and re-alleges the averments set forth in paragraphs Five (5) through Twenty-Five (25) of this complaint, as if set forth in full herein.

27. Defendant has unreasonably refused or neglected to render to Plaintiff an account in writing, as required by the aforesaid statute, 14 M.R.S. § 6301.

28. Plaintiff hereby offers to pay the sum found by the court to be equitably due, or to perform any other condition, as the case may require, in order to discharge said mortgage.

---

$^2$ The principal balance itself far exceeds the jurisdictional amount of $75,000.00.

29. Plaintiff wishes to discharge the said mortgage so that he can have the right to sell his said property.

**WHEREFORE**, under this count, Plaintiff demands judgment that the court enter a judgment determining the amount equitably due and setting forth a procedure whereby Plaintiff may pay the same and thereby redeem his said property, and for his costs.

## COUNT II

## EQUITABLE RELIEF

30. Plaintiff repeats and re-alleges the averments set forth in paragraphs Five (5) through Twenty-Five (25) of this complaint, as if set forth in full herein.

31. It would be inequitable for the Defendant, having twice brought foreclosure actions without standing to do so, to charge Plaintiff with interest during the periods of time during which Defendant knowingly commenced and maintained non-justiciable actions for foreclosure.

32. It would further inequitable for the Defendant having dismissed its first non-justiciable action on the day of trial, to charge Plaintiff with interest during the almost two-year period it took prior to commencing its second (equally non-justiciable) action for foreclosure.

33. Other than under Count One as set forth above, Plaintiff has no plain, complete and adequate remedy at law.

**WHEREFORE**, under this count, Plaintiff demands judgment enjoining Defendant from collecting from Plaintiff any interest during those periods during which the court determines that it would be inequitable for Defendant to charge Plaintiff interest, and requiring Defendant to discharge said mortgage upon payment of the sum due, less the said prohibited interest (and less

the attorneys fees ordered to be paid to Plaintiff by the Superior Court), and that the court grant Plaintiff such other and further relief as the court deems just and equitable and for his costs.

## COUNT III

## DECLARATORY JUDGMENT

### 28 U.S.C. §2201

34. Plaintiff repeats and re-alleges the averments set forth in paragraphs Five (5) through Twenty-Five (25) of this complaint, as if set forth in full herein.

35. Plaintiff repeats and re-alleges the averments set forth in paragraphs Thirty-One (31) and Thirty-Two (32) of this complaint, as if set forth in full herein.

*WHEREFORE*, under this count, Plaintiff demands judgment the court declare the amount equitably due from Plaintiff to Defendant upon the aforesaid mortgage and note, and the court grant Plaintiff such other and further relief as the court deems appropriate, and for his costs.

### PLAINTIFF'S WAIVER OF COMPULSORY COUNTERCLAIM

Because Plaintiff intends to redeem said premises from the aforesaid mortgage, and because Defendant has twice already brought actions to foreclose the mortgage, both of which were dismissed without prejudice, **PLAINTIFF AFFIRMATIVELY WAIVES ANY DEFENSE AGAINST ANY SUBSEQUENT FORECLOSURE ACTION BASED UPON THE FORECLOSURE HAVING BEEN A COMPULSORY COUNTERCLAIM THAT WA NOT ASSERTED IN THIS ACTION, UNDER RULE 13(a) F.R.Civ.P.**

Dated at Portland, this 27th day of March, 2017

        /s/ Robert S. Hark
Robert S. Hark
Bar No. 14
Attorney for Plaintiff
75 Pearl Street   Suite 209
Portland, ME 04101
(207) 773-5000